IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | Criminal Number: 1:19-CR-00073-P-BP-1 |
| | § | |
| WILLIAM LEE TERRELL | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

The undersigned submits this Findings, Conclusions, and Recommendation to United States District Judge Mark T. Pittman 28 U.S.C. § 636. By electronic Order (ECF No. 27) entered on September 16, 2019, Judge Pittman referred to the undersigned Defendant's Motion to Withdraw and Rescind Acceptance of Court Appointed Counsel, Waive Counsel, and Procede [sic] (ECF No. 20), filed September 16, 2019. The Defendant filed a Motion for Leave to Allow for Filing of Amended and Corrected Briefs (ECF No. 32), which included corrections of certain typographical errors in the original Motion. To the extent necessary, the undersigned considered the Motion with typographical errors corrected.

The Court conducted a hearing on September 18, 2019 on the Motion. Present at the hearing were Defendant; Defendant's counsel, Assistant Federal Public Defender David Sloan, and Assistant United States Attorney Juanita Fielden. At that hearing, the Court concluded that Defendant had knowingly and voluntarily waived his right to counsel and recommends that Judge Pittman grant his Motion. The Court also recommends that Judge Pittman appoint Mr. Sloan to serve as stand-by counsel to assist Defendant and replace him if Judge Pittman concludes during the trial that Defendant can no longer be permitted to proceed *pro se*.

The Defendant has a constitutional right under the Sixth Amendment to represent himself in this matter. *Faretta v. California*, 422 U.S. 806 (1975). The Court conducted a hearing on

Defendant's Motion to discern whether he was knowingly making his request to represent himself. At the beginning of the hearing, Mr. Sloan informed the Court that Defendant was competent to represent himself, that he had adequate legal knowledge to effectively represent himself under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), and that Defendant had seriously considered the significant difficulties that he would face representing himself, but that his decision to do so was made intelligently. Mr. Sloan said that the Defendant appeared to have adequate knowledge of the law and legal issues involved in the case, and though Mr. Sloan did not believe that the Defendant was making the wisest decision, his decision was reasonably made.

The undersigned inquired whether the Defendant was mentally capable of representing himself, considering his filings indicating that he would assert an insanity defense under Fed. R. Civ. P. 12.2 (*see* ECF Nos. 30 and 31). Mr. Sloan stated that he believed that the Defendant was mentally competent to represent himself, that his defense related to the time of the incident at issue in this case, and the Defendant's lack of adequate medication at that time caused his mental state at that time. He stated that Defendant's mental state at that time was not indicative of his current mental state.

The undersigned closely examined Defendant and advised him in the strongest possible terms consistent with his right to represent himself that this was an unwise decision and choice on his part. The Court cautioned him that if he were allowed to represent himself, Judge Pittman likely would not reset the trial on account of the change in representation. The Defendant stated that he understood this. The Court concludes that Defendant is not requesting to represent himself for purposes of delaying the current trial setting.

Defendant appears to the Court to be intelligent and experienced in preparing his own, and assisting with other inmates', post-judgment filings for habeas corpus and other relief. He stated

that he has read numerous manuals, cases, and legal publications. He has studied and almost completed a paralegal course available in the Bureau of Prisons called the Blackstone course. He has received some college credits for courses he has studied while in prison. He appears sincerely interested in the law and legal issues. He appeared to the Court to understand his request to replace counsel and the significant risks that he faces representing himself at trial.

In response to direct and probing questions from the Court, the Defendant provided the following information. He understands that he has a constitutional right to be represented by an attorney at every stage of the proceedings. He understands that it is his right, at his expense, to have counsel of his choosing, or, if he is unable to afford an attorney, that the Court will appoint an attorney for him, without cost to him. He understands that he is charged with the offense of Assaulting a Federal Officer Resulting in Bodily Injury, in violation of 18 U.S.C. §§ 111(a)(1) and 111 (b). He understands that if he is found guilty, Judge Pittman could impose the following maximum penalties: imprisonment for a period not more than twenty years; a fine not to exceed $250,000, or twice any pecuniary gain to the Defendant or loss to the victim; a term of supervised release of not more that three years, which may be mandatory under the law and will follow any term of imprisonment, and if the Defendant violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release; a mandatory special assessment of $100; restitution to victims or to the community, which is mandatory under the law, and which the Defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; costs of incarceration and supervision; and forfeiture of property. He also understands that there are advisory sentencing guidelines that may affect his sentence if he is found guilty and that one of the considerations in those guidelines is whether the Defendant accepts responsibility for his criminal conduct.

The Defendant is not a lawyer and has not attended law school. He does not have a college degree. He has studied law in the Blackstone paralegal course previously mentioned, and he reads extensively in the law libraries of the institutions where he is incarcerated. He has never represented himself or other defendants in a criminal action, other than work he has done on his own behalf and for others in the areas of habeas corpus and post-judgment relief. He understands that if he represents himself, he is on his own. Judge Pittman and the other participants in the trial cannot tell him or advise him on how to try his case. He stated that he has read the Federal Rules of Evidence and the Federal Rules of Criminal Procedure. He understands that the Federal Rules of Evidence govern what evidence may or may not be introduced at trial, and in representing himself, he is bound by those rules. He understands that the Federal Rules of Criminal Procedure govern the way in which a criminal action is tried in federal court. He also understands that if he decides to take the witness stand, Judge Pittman may require that he present his testimony in question and answer form, not in a narrative fashion in which he tells his story. He understands that he must proceed question by question through his testimony.

The Defendant stated that he was aware of the saying that "a lawyer who represents himself has a fool for a client." He said that his mother always told him that. The undersigned told him that there is another part of that saying: "and an idiot for a lawyer." The undersigned explained to him that lawyers are not advised to represent themselves because they cannot be objective when they do so. That is one of the main reasons that even if the Defendant were a lawyer, he still should rely upon an experienced federal criminal defense lawyer such as his current counsel to represent him. The Court also explained that trying a jury case was very stressful. There is a lot to remember and to do. Even though he agreed with the adage about self-representation, and though all his friends, family, and others have urged him not to do it, the Defendant wants to represent himself.

The Court advised Defendant that in its opinion, he would be far better defended by a trained lawyer and that it was unwise in the Court's opinion for him to try to represent himself. The Court told him that though he may be familiar with post-judgment habeas corpus litigation, he was not familiar with trying cases in federal court. He is not thoroughly familiar with the law, with the necessary court procedure, and with the rules of evidence. The Court strongly urged him not to try and represent himself at the trial. Despite the penalty that he might suffer if he were found guilty and the significant difficulty of representing himself, the Defendant stated that it is still his desire to represent himself and give up his right to be represented by a lawyer. His decision is entirely voluntary.

The undersigned concludes that the Defendant has knowingly and voluntarily waived his right to counsel. The undersigned recommends that Judge Pittman permit Defendant to represent himself and **GRANT** his Motion to Withdraw and Rescind Acceptance of Court Appointed Counsel, Waive Counsel, and Procede [sic] (ECF No. 20). The undersigned also concludes that the Court should appoint stand-by counsel with whom the Defendant may confer before and during trial. Defendant should not be required to consult with stand-by counsel or be required to permit such counsel to represent him in this case. However, such counsel should be available to Defendant if he should change his mind and decide that he desires the assistance of counsel in the defense of the charges brought against him. Because Assistant Federal Public Defender David Sloan currently represents Defendant and knows the facts and legal issues in this matter, the undersigned recommends that Judge Pittman appoint him to serve as Defendant's stand-by counsel in this case.

A copy of this Findings, Conclusions, and Recommendation shall be served on the parties and counsel in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after

being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED ON** September 19, 2019.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE